Matter of the Petition of MORGAN J. WHITE to have the Surrogate Determine and Enforce his Lien as Attorney for Services Rendered MOLLIE E. HOPKINS, in the Matter of the Estate of E. WATTS CUSHMAN, Deceased.

(Surrogate's Court, Madison County, May, 1917.)

Surrogate's Court — what issues in, triable by jury — attorneys — services — substitution — constitutional law.

Only those issues which by constitutional provision were formerly triable by jury can be submitted to juries in the Surrogate's Court.

After a contested claim against an estate had been allowed and was affirmed on appeal, the petition of the claimant for the removal of her attorney and the substitution of another in his stead was granted but without prejudice to any claim or lien the removed attorney might have for services rendered up to the time of the granting of the order of substitution. *Held,* that in a proceeding to have his claim and lien determined and enforced his former client was not entitled to a jury trial in the Surrogate's Court.

PROCEEDING to have a claim and lien determined and enforced.

Misc.]   Surrogate's Court, Madison County, May, 1917.

W. L. Burke, for petitioner.

C. J. Coleman, for contestant.

SENN, S. Mollie E. Hopkins, of Hamilton, N. Y., heretofore presented to the estate of E. Watts Cushman, deceased, a claim of $10,000 and certain other claims, all of which were rejected. After a long contest her claim for $10,000 and a small claim in addition were allowed. An appeal to the Appellate Division was taken in behalf of the estate, which resulted in an affirmance.

In all of these proceedings Morgan J. White, the petitioner, was the attorney of record for Miss Hopkins, the claimant, with Carlos J. Coleman, Esq., as counsel. In the decree of judicial settlement of the Cushman estate, Mr. White was allowed the sum of $400 fees, in addition to his disbursements, payable out of the estate. This was prior to the appeal.

After the decision in the Appellate Division, Miss Hopkins presented to this court a petition for the removal of Mr. White as her attorney and the substitution of Mr. Coleman in his stead as her attorney of record, which proceeding was opposed by Mr. White, the present petitioner, mainly on the ground that he had a claim for services in the matter which had not been paid, and an attorney's lien against the amount awarded Miss Hopkins. The surrogate granted the substitution of attorneys as asked in the petition, but without prejudice to any claim or lien Mr. White might have for services rendered up to that time.

This proceeding is brought by Mr. White to have his claim and lien, as alleged by him, determined and enforced. Miss Hopkins contests the proceeding and demands a jury trial. If there is any issue of fact it is as to the amount of compensation to which the peti-

tioner is entitled. He alleges that the services rendered by him were of the value of $2,900. The contestant, his late client, by her answer alleges that they were of no value.

While the question seems not entirely free from doubt, I am of the opinion that the right to a trial by jury of this issue does not exist.

" The compensation of an attorney or counsellor for his services is governed by agreement, express or implied, which is not restrained by law.

" From the commencement of an action or special proceeding * * * the attorney who appears for a party has a lien upon his client's cause of action * * *. The court, upon the petition of the client or attorney may determine and enforce the lien." Judiciary Law, §§ 474, 475.

" In any proceeding in which any controverted question of fact arises, of which any party has constitutional right of trial by jury * * * the surrogate must make an order directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same. Code Civ. Pro. § 2538.

The Constitution of the State of New York provides (art. 1, § 2) as follows: " The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever."

The Surrogate's Court has jurisdiction to determine and enforce the lien of an attorney for services rendered in the settlement and distribution of the estate of a testator. *Matter of Bender's Will,* 97 N. Y. Supp. 171; 111 App. Div. 23.

The remedy given is equitable in character and we think the equity side of the court has jurisdiction. It is in some respects analogous to the foreclosure of mechanics' liens in which it has been held to be an

action in equity triable by the court without a jury. *Matter of King,* 168 N. Y. 59; citing *Kenney* v. *Apgar,* 93 id. 539, 550; *Goodrich* v. *McDonald,* 112 id. 157.

*Kenney* v. *Apgar* was a mechanics' lien case and the court there held that neither of the parties had a right to a jury trial except as to such issues as might be framed and sent to a jury.

In *Goodrich* v. *McDonald* the court said: " The lien, as thus established, is not strictly like any other lien known to the law, because it may exist although the attorney has not and cannot, in any proper sense, have possession of the judgment recovered. It is a peculiar lien, to be enforced by peculiar methods. It was a device invented by the courts for the protection of attorneys * * * by disabling clients from receiving the fruits of recoveries without paying for the valuable services by which the recoveries were obtained. The lien was never enforced like other liens. If the fund recovered was in possession or under the control of the court, it would not allow the client to obtain it until he had paid his attorney, and in administering the fund it would see that the attorney was protected. If the thing recovered was in a judgment, and notice of the attorney's claim had been given, the court would not allow the judgment to be paid to the prejudice of the attorney. If paid after such notice in disregard of his rights, the court would, upon motion, set aside a discharge of the judgment and allow the attorney to enforce the judgment by its process so far as was needful for his protection."

In a discovery proceeding in Surrogate's Court the surrogate of New York county held that there was no right to a trial by jury even under the reformed Surrogate's Code of 1914, inasmuch as the proceeding derivatively resembles an equity proceeding and not one formerly recognized by common law. Only those

issues which by constitutional provision were formerly triable by jury can be submitted to juries in this court under the new law. *Matter of Callahan,* 95 Misc. Rep. 438.

Considering that this proceeding derivatively resembles and' is essentially like those in which a trial by jury was not a matter of right, I should not feel inclined under sections 970 and 971 of the Code of Civil Procedure to order any question of fact arising in this proceeding to be tried by a jury, nor would I feel justified in so doing. The provision for jury trials in Surrogate's Court is new and is in a sense a legal innovation. Its scope cannot be extended by judicial construction so as to create a new class of cases in which a jury trial can be demanded or had, but was evidently intended to include only the issues specifically named, as in case of a contested will probate, and those cases where by constitutional provision trial by jury as heretofore used is a matter of right. The right, not having been recognized in this kind of proceeding in other courts prior to the enactment of the present Surrogate's Code, is not brought into being by the provisions of section 2538 and does not exist.

The demand that the issues arising in this proceeding be tried by a jury is, therefore, denied, and the hearing in this proceeding will take place on May twenty-first, inst., as per adjournment.

Decreed accordingly.